By the Court.
A judgment in foreclosure was had in this case, and a sale thereunder which took place Dec. 18, 1880.
Two infants, Effie B. Kenworthy and Charles A. Kenworthy, were parties and appeared by guardian ad litem,. The proceedings were regular.
Emma J. Kenworthy, mother of the infants, bought at the sale, and gave a mortgage on the premises, which was subsequently assigned to plaintiff. Plaintiff has subsequently taken another mortgage from her on the premises.
Now, after the lapse of nearly six years, a motion is made by the general guardian of the infants and the infants themselves, to set aside the sale on'the ground of some alleged fraudulent arrangement between the attorney for the plaintiff and Emma J. Kenworthy, as to the sale. This fraud is denied by the plaintiff.
The papers on motion were served personally on plaintiff out of the State.
The guardian ad litem of the infants does not appear.
The court denied the motion without prejudice to the right of the infants to bring on action.
Since such denial one of the infants, Effie B. (now of age), has brought such action.
We think the motion was properly denied. Too long a *103 time has elapsed since the judgment and sale to make it proper to set aside the sale on motion. The parties should be left to the remedy by action.
It is very doubtful whether the court should hear a special motion upon papers served on a party out of the State. The plaintiff had an attorney in the aótion, though he is now dead ; and it would be unreasonable to call a person from another State to oppose a motion in an action which was ended six years before.
Again, if the motion is in an action (as this is) then the guardian ad litem must act. If the action is sufficiently in existence for the guardian ad litem of the infant’s interests.
The order must be affirmed with $10 costs and printing disbursements as to Effie B., and the appeal dismissed with $10 costs as to Charles A., such costs and disbursements to be paid by the general guardian personally.